**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

No. 11-50600
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARMANDO SALAS ANDAZOLA, also known as Armando A. Salas,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-520-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Armando Salas Andazola appeals the 37-month within-Guidelines sentence imposed following his guilty-plea conviction for attempted illegal reentry after deportation. Salas Andazola contends his sentence, which is at the bottom of the applicable Guidelines-sentencing range, is substantively unreasonable. Specifically, he contends the Guideline that governs illegal-reentry offenses produced an unreasonable sentence because: it is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

empirically based; resulted in double-counting of his criminal history; and failed to account for the nonviolent nature of his offense.

Salas Andazola concedes that, because he failed to object to his sentence after it was imposed, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). He presents this issue to preserve for further review his contention that an objection after the imposition of sentence is not required to preserve abuse-of-discretion review. In any event, his contentions fail even under that abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Because the sentence was within his advisory Guidelines-sentencing range, it is presumptively reasonable. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Our court has consistently rejected the argument that the seriousness of this offense is overstated because Guideline § 2L1.2 lacks an empirical basis and double-counts criminal history. *E.g.*, *United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Similarly, our court has not been persuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal-reentry offense. *E.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Salas Andazola also contends his Guidelines range failed to account for his personal history and circumstances. The district court listened to his reasons for imposition of a lesser sentence but imposed a sentence within the Guidelines range. Salas Andazola has not shown sufficient reason for our court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

AFFIRMED.